## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTANNA BULLOCK

      Plaintiff,

v.

                                   CASE NO:
                                   HON:

CITY OF DETROIT, J. CASTRO,
and OTHER UNNAMED DEFENDANTS,
in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR AND ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

### THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## <u>COMPLAINT AND JURY DEMAND</u>

**NOW COMES** Plaintiff, **CHRISTANNA BULLOCK,** by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1. That Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

1

2. That Defendant City of Detroit is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendant J. Castro is and/or was a police officer working and/or assigned to the City of Detroit Police Department and was acting under color of law, in his individual and official capacities, and in the course and scope of his employment at all times mentioned herein.

4. That the Other Unnamed Defendants are and/or were police officers employed by the City of Detroit Police Department and were acting under color of law, in their individual and official capacities, and in the course and scope of their employment at all times mentioned herein.

5. All events giving rise to the lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C § 1331 [federal question], 28 U.S.C § 1342 [civil rights].

7. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983, as well as state law claims.

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. On August 23, 2015, Plaintiff resided at 17151 Asbury Park, Detroit, Michigan 48235.

11. Plaintiff has resided at 17151 Asbury Park, Detroit, Michigan 48235 for approximately twenty-six years.

12. On August 23, 2015, Plaintiff was the only resident of 17151 Asbury Park, Detroit, Michigan 48235.

13. Plaintiff owned a female Labrador Retriever dog named Mandy.

14. On August 23, 2015, the County of Wayne issued search warrant 15002159 at the request of Defendant J. Castro.

15. County of Wayne search warrant 15002159 was based on the sale of drugs by a fourty-five to fifty year old African-American male weighing approximately 170 pounds and at an approximate height of 5 feet 9 inches.

16. On August 23, 2015, no fourty-five to fifty year old African-American male weighing approximately 170 pounds and at an approximate height of 5 feet 9 inches resided at Plaintiff's residence.

17. On September 2, 2015, Defendants executed a County of Wayne search warrant 15002159 at 17151 Asbury Park, Detroit, Michigan 48235.

18. Defendant J. Castro and other unnamed Defendants forced entry to Plaintiff's residence through security gate and entry door.

19. Plaintiff's dog, Mandy, came to the entry way to see who entered the residence, as canines are predisposed to do.

20. Defendants shot Mandy twice and she responded by walking away into kitchen area.

21. Mandy was then left by Defendants, bleeding, without any attempts to save the animal or provide any veterinary care for the animal.

22. Mandy was two to three years old at the time she was shot by Defendants and had been owned by Plaintiff since the age of two weeks, and in that time was not an aggressive animal.

23.  Defendants then proceeded to search Plaintiff's house for possible suspects.

24.  Defendants, upon entering the basement, encountered Mandy again.

25. Mandy was hiding in the enclosed basement, as canines are predisposed to hide in enclosed areas when injured.

26. Defendants then shot Mandy two additional times, murdering Mandy.

27. Defendants then completed their search of the premises for possible suspects with negative results and proceeded to ransack Plaintiff's home.

28. Defendants then removed Mandy's dead body for disposal.

29. Defendants' search for controlled substances and related material was completed with negative results.

30. Plaintiff returned home at approximately 9:00 p.m. to find the gate to her residence broken, the front door of her residence broken and open, and a trail of blood from her deceased dog down the stairwell and at the bottom of the steps.

31. Upon searching the rest of her residence, Plaintiff found nine bullet holes in her bedroom door as well as bullet holes in her dresser and mattress.

32. Plaintiff also discovered the ashes of her deceased niece on the dresser and floor of her bedroom. The ashes of her niece had been stored in the original, sealed box and bag and labeled as human remains.

33. As a result of the illegal entry of Plaintiff's home and shooting of Plaintiff's dog, Plaintiff suffered economic and emotional losses directly attributable to Defendants' actions.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983— UNREASONABLE SEARCH AND SEIZURE
### WITHOUT PROBABLE CAUSE

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. Defendants' actions constituted an unreasonable search and seizure under the Fourth Amendment because there was no warrant and no exigent circumstances to allow Defendants to enter Plaintiff's home and/or Defendant exceeded any authority they had to search Plaintiff's home.  Defendants could have conducted their business without legally entering Plaintiffs' residence and then intentionally shooting the canine.

36. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

37. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of their Fourth Amendment rights.

38. Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 UNREASONABLE SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE

39. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and property without due process of law and to be free from unreasonable searches and seizures.

41. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights.

42. Defendants acted unreasonably and failed in their duty when they seized and destroyed Plaintiffs property including the canine, Mandy, without a warrant or probable cause.

43. Defendants acts were objectively unreasonable in shooting to kill the canine, and were intentional, grossly negligence, and amounted to reckless or callous indifference to Plaintiffs' rights.

44. The killing of a canine is a property seizure and deprivation that can constitute a claim under the Fourth Amendment, which can be brought under 42 U.S.C. §1983.

7

45. The shooting of the Plaintiffs' dog was a severe intrusion given the emotional attachment between a dog and an owner.

46. Defendants' intentional shooting and killing of the canine was unreasonable under the totality of the circumstances and more intrusive than necessary, therefore constituting an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution.

47. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

48. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their Fourth Amendment rights.

49. Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: August 14, 2017
CJT/lvp

9

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

CHRISTANNA BULLOCK

     Plaintiff,

v.

CITY OF DETROIT, J. CASTRO,
and OTHER UNNAMED DEFENDANTS,
in their individual and official capacities,

     Defendants.

CASE NO:

HON:

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

## DEMAND FOR TRIAL BY JURY

10

**NOW COMES** Plaintiff, **CHRISTANNA BULLOCK,** by and through her attorneys, and herby makes a Demand for a Trial by Jury in the above-captioned matter.

<div style="margin-left: 40%;">

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
</div>

Dated: August 14, 2017
CJT/lvp

11